| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>---------------------------------------------------------- X<br><br>EBONY MITCHELL,<br><br>                      Plaintiff,<br><br>            - against -<br><br>ESTATE OF IRIS MCLEAN,<br>ELICE PANTON, CHARLES PANTON,<br>ALEJANDRO A. WHITE, JOAN WHITE,<br>SUBHANA A. RAHIM, ALDRIC<br>FREEMAN, DEBRA A. GALLAWAY,<br>DEPARTMENT OF HOUSING<br>PRESERVATION AND DEVELOPMENT,<br>CITY OF NEW YORK PUBLIC<br>ASSISTANCE/CLINTON HILL JOB<br>CENTER, and BROOKLYN HOUSING<br>COURT,<br><br>                    Defendants.<br>---------------------------------------------------------- X | C/M<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>19-CV-5363 (BMC) (LB) |

**COGAN**, District Judge.

Plaintiff Ebony Mitchell filed the above-captioned *pro se* civil action. Plaintiff's request to proceed *in forma pauperis* is granted for the limited purpose of this Order pursuant to 28 U.S.C. § 1915. For the reasons that follow, plaintiff's complaint is dismissed.

## BACKGROUND

Plaintiff occupies rental housing at 989 Hancock Street in Brooklyn, New York. Her tenancy was terminated on April 30, 2017 by her landlord, and she appears to be in the midst of an eviction proceeding in the Civil Court of the City of New York, Housing Part, in Brooklyn. She alleges that various individuals, named as defendants in this action, committed fraud and forgery in pursuing the eviction. She also alleges that defendant New York City Department of Housing Preservation and Development committed fraud and forgery on a registration document,

defendant City of New York Department of Social Services illegally changed the title on plaintiff's public assistance checks without her knowledge, and defendant Civil Court of the City of New York allowed all of these violations of her constitutional rights to occur. Plaintiff asserts the jurisdiction of this Court pursuant to 42 U.S.C. § 1983 for all claims alleged in her complaint.

Plaintiff attaches multiple exhibits to her complaint related to the holdover proceeding, her eviction, her public assistance standing, and other various matters, adding her own detailed annotations in pen. Although plaintiff does not seek any particular relief according to her complaint, she alleges that "[t]he amount in controversy . . . is $73,000,000.00."

## DISCUSSION

*Pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, they must still plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the Court assumes all factual allegations contained in the complaint to be true, this principle is "inapplicable to legal conclusions." Id.

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

Moreover, the Court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." New York v. White, 528 F.2d 336, 338 (2d Cir. 1975). As the party invoking federal jurisdiction, plaintiff "bears the burden of establishing that jurisdiction exists." See Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009) (internal citation and quotation marks omitted). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000).

The instant complaint fails to state a claim under 42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege that "the conduct complained of must have been committed by a person acting under color of state law," and "must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Furthermore, a plaintiff must show that each of the named individuals is personally liable for the alleged harm. Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006). A municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless the incident

was the result of an existing, unconstitutional policy or custom. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985).

In this case, eight of the eleven individuals plaintiff named as defendants appear to be private citizens or entities somehow associated with the property at 989 Hancock Street. Moreover, the allegations against them are related to the eviction proceeding, which does not fall under federal law. See Galland v. Margules, No. 05-cv-5639, 2005 WL 1981568 (S.D.N.Y. Aug. 17, 2005) ("[F]ederal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters."). Nor has plaintiff alleged that any of these individuals are state actors who deprived her of any constitutional rights, making them ineligible for suit under § 1983.

The remaining three defendants are New York City agencies and branches of government: NYC Department of Housing Preservation and Development, NYC Department of Social Services, and the NYC Housing Court. However, plaintiff has not set forth any facts alleging (or even implying) that these agencies acted pursuant to a municipal policy or custom and thereby caused the deprivation of her constitutional rights. Accordingly, she has failed to state a claim under 42 U.S.C. § 1983. See Monell, 436 U.S. at 690-91. As the complaint provides no other basis for this Court's subject matter jurisdiction, it must be dismissed.

After considering the complaint and the exhibits attached thereto, the Court finds that no amendment can cure the deficiencies in the complaint such that it would state a federal claim against the private individuals, who cannot be sued under § 1983. Furthermore, no amendment would be able overcome the immunity afforded to the Housing Court or its judges. See Montero v. Travis, 171 F.3d 757, 760 (2d Cir. 1999).

Nor could an amendment to plaintiff's complaint result in allegations sufficient to plausibly allege a constitutional violation by the NYC Department of Housing Preservation and Development. All that plaintiff claims the agency did was "[h]elp to commit fraud and forgery on registration document." Based on the registration documents attached at Exhibit A, the extent of this "fraud and forgery" was apparently that (1) defendant Alejandro White was not on the deed to 989 Hancock Street, (2) defendant Galloway's notary was expired, (3) defendant Elice Panton signed her mother's affidavit pursuant to her power of attorney, but did not get the affidavit notarized and may have signed after her mother's death, and (4) the title consultant's affidavit was forged. Even if true and supported by bountiful allegations and exhibits, these claims do not implicate federal law.

Plaintiff could, however, potentially make out a claim against NYC Department of Social Services (which plaintiff calls "Public Assistance") or one of its employees for terminating her welfare benefits, without sufficient due process. Plaintiff's sole claim against Social Services is for "illegally chang[ing] title on [her] public assistance check without plaintiff['s] knowledge." She also attaches to her complaint a photocopy of two public assistance checks – one from May 3, 2019 with plaintiff's name and address, and another from June 7, 2019 with the same address but made out to the Estate of Iris McLean.

Assuming plaintiff is accusing her case worker or another employee at NYC Social Services of improperly terminating her welfare benefits without due process, she must allege that her welfare benefits were cut off without any one or more of the following: (1) timely and adequate notice, including the reasons for the proposed termination, (2) an opportunity to be heard at a pre-termination hearing, (3) a right to be represented by counsel at the hearing, (4) a written decision, including the reasons for the determination and the evidence on which the

5

decision maker relied, or (5) an impartial decision maker.  See Lawrence v. Town of Brookhaven Dep't of Housing, Cmty. Dev. & Intergovernmental Affairs, No. 07-cv-2243, 2007 WL 4591845, at *15 (E.D.N.Y. Dec. 26, 2007) (citing Goldberg v. Kelly, 397 U.S. 254, 254 (1970)).  Plaintiff must also, of course, allege facts showing that her welfare benefits were actually terminated or temporarily cut off, and not just that they were accidentally directed to an incorrect recipient at the same address as plaintiff's.  Plaintiff may therefore amend her complaint to allege facts that support that her welfare benefits were terminated without her receiving one or more of the above procedural protections.

Despite the theoretical possibility that plaintiff can bring a successful suit against the Department of Social Services as outlined above, the Court recommends that she first contact Social Services and try to resolve the issue extra-judicially.  It is possible, perhaps likely, that Social Services was confused by the several proceedings surrounding plaintiff's eviction as well as the change in ownership of the house that plaintiff continued to live in despite the eviction.  Additionally, it appears that the first (May 3, 2019) check was to "Senior Evelyn FR Mitchell," apparently combining two unrelated people involved in the eviction proceedings, Evelyn Senior and Ebony Mitchell.  Social Services may have caught the initial error and merely resolved it incorrectly.  And even the way plaintiff phrases her claim against Social Services – that it "illegally changed title on [her] public assistance check" – strikes the Court as an action stemming from an administrative error rather than from a purposeful withholding or termination of benefits.

## CONCLUSION

For the reasons set forth above, the action is dismissed for failure to state a claim and for lack of subject matter jurisdiction.  Because of her *pro se* status, plaintiff will be given the

6

opportunity to file an amended complaint only as to the claim against the Department of Social Services, which must be labeled "Amended Complaint" and include the index number of this case (19-cv-5363). This amended complaint will completely replace plaintiff's original complaint.

Plaintiff has 20 days from the date of this Order in which to file an amended complaint consistent with the terms of this Order. If plaintiff fails to comply with this Order within the time allowed, judgment shall be entered against her.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       September 24, 2019